ANN E. PRICE AND JACK H. PRICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 144-94
United States Tax Court
T.C. Memo 1995-187; 1995 Tax Ct. Memo LEXIS 189; 69 T.C.M. (CCH) 2489; April 24, 1995, Filed *189 Decision will be entered under Rule 155. Held: Ps understated their 1990 net income from self-employment. Held, further, Ps are liable for a self-employment tax on the unreported income. Held, further, Ps may deduct only the $ 4,628 in meals and entertainment expenses allowed by R. Held, further, Ps are subject to the negligence penalty under sec. 6662(a). Ann E. and Jack H. Price, pro sese. For Respondent: Rick V. Hosler
LARO
LARO
MEMORANDUM OPINION LARO, Judge: Ann E. and Jack H. Price petitioned the Court to redetermine respondent's determination of an $ 8,365 deficiency in their 1990 Federal income tax and a $ 1,673 penalty under section 6662(a). [1] Respondent reflected this determination in a notice of deficiency issued to petitioners on December 16, 1993. Respondent moved at trial to amend her answer to allege that petitioners were liable for an additional $ 709 deficiency and an additional $ 142 penalty under section 6662(a). We granted respondent's motion. *190 Following concessions, [2] we must decide: 1. Whether petitioners understated their 1990 gross income from self-employment. We hold they did to the extent provided herein. 2. Whether petitioners are liable for the self-employment tax on this unreported income. We hold they are to the extent provided herein. 3. Whether petitioners may deduct more than the $ 4,628 in meals and entertainment expenses allowed by respondent. We hold they may not. 4. Whether petitioners are liable for a negligence penalty under section 6662(a). We hold they are to the extent provided herein. *191 Background
Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. Petitioners resided in Mesa, Arizona, when they petitioned the Court. Petitioners filed a 1990 Form 1040, using the filing status of "Married filing joint return". Petitioners were the proprietors of an electronic equipment sales and service business (the Business) during the year in issue. They reported the Business' income and expenses for that year on a 1990 Schedule C, Profit or Loss From Business. Petitioners reported gross receipts of $ 50,352 and total expenses of $ 53,681. Petitioners did not maintain a recordkeeping system that accurately accounted for the Business' sales invoices. Respondent originally determined, and reflected in her notice of deficiency, that petitioners understated the Business' 1990 gross receipts by $ 41,630 and overstated the Business' 1990 expenses by $ 7,814. Respondent later determined after she issued the notice of deficiency that the Business' 1990 gross receipts were understated by an additional $ 4,033, its other income was understated by $ 20, and its expenses were overstated by *192 an additional $ 1,079. Respondent's later determination was based on additional information that she received following the issuance of her notice of deficiency. The parties now agree that the Business had the following expenses in 1990: Purchases
$ 33,083
Commissions
142
Insurance
2,053
Mortgage interest
3,911
Legal and professional
1,094
Office expense
1,126
Rent-other business property
1,608
Repair and maintenance
761
Supplies
1,013
Taxes and licenses
790
Utilities
535
Telephone
1,066
Aviation gas
3,691
Oil & gas
1,628
Real estate taxes
406
Total
52,907
The parties dispute the amount of the Business' gross receipts, other income, and meals and entertainment expenses. Discussion
The burden of proof is on petitioners to show that respondent's determinations set forth in her notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent bears the burden of proving the increase in the deficiency that she asserted by amendment to her answer. Rule 142(a); see also Estate of Bowers v. Commissioner, 94 T.C. 582, 595 (1990). Issue 1. Petitioners' *193 Self-Employment Income
Respondent determined that the net income reported by petitioners on their 1990 Schedule C was understated by $ 51,545. Respondent used the bank deposits and cash expenditures method to make this determination. See sec. 446(b). Respondent used this particular method because petitioners did not maintain an accurate recordkeeping system for the Business, as is required by section 6001. Contrary to petitioners' assertion, respondent's determination was not arbitrary or capricious. Respondent generally may recompute petitioners' income under any method that she determines reflects income clearly. Sec. 446(b); Commissioner v. Hansen, 360 U.S. 446, 467 (1959); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). Respondent may use any method that is reasonable in light of the facts and circumstances of the particular case. Giddio v. Commissioner, 54 T.C. 1530, 1532-1533 (1970). Respondent used the bank deposits and cash expenditures method to reconstruct petitioners' income in the case at hand. [3] The propriety of this method is well established. Parks v. Commissioner, 94 T.C. 654, 658 (1990); *194 Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978); see also Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), and the cases cited therein, affd. 566 F.2d 2 (6th Cir. 1977); Harper v. Commission, 54 T.C. 1121, 1129 (1970). Although not conclusive, we consider bank deposits to be prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, supra at 656-657. Petitioners attempted to prove that the unreported deposits were not current income through testimonial evidence centering on a so-called cash hoard. Petitioners and their daughters testified that the unreported funds stemmed from: *195 (1) Buried cash that petitioners had earned in prior years and (2) buried silver that petitioners had purchased in prior years. Petitioners rely solely on this testimony to support their claim that the unreported funds were from a cash and silver hoard. They have offered no other evidence with respect thereto. The testimony of petitioners and their daughters has failed to persuade us that petitioners' unreported funds were from a hoard of cash and/or silver. Among other things, we find their testimony inconsistent and self-serving. Under the circumstances, we are not required to, and we do not, rely on their testimony to support petitioners' positions herein. [4]Tokarski v. Commissioner, supra.We hold for respondent with respect to the unreported gross receipts reflected in the notice of deficiency. *196 With respect to the gross receipts and the $ 20 of other income that were outside of the notice of deficiency, however, we hold for petitioners. Although petitioners generally bear the burden of proving that deposits under the bank deposits and cash expenditures method are not income, respondent has the burden of proof as to the deposits underlying her assertion of an increased deficiency. Respondent must either negate the nontaxable sources alleged by petitioners or adequately connect the bank deposits to a likely source of taxable income. See Parks v. Commissioner, 94 T.C. 654, 661 (1990); see also Collins v. Commissioner, T.C. Memo. 1994-409. Respondent has failed to meet her burden of proving that any of these additional amounts are unreported income. Issue 2. Self-Employment Tax
A self-employment tax is imposed on net earnings of $ 400 or more from self-employment income, subject to a maximum amount of employment income. Secs. 1401 and 1402(b). The term "self-employment income" means gross income derived from carrying on a trade or business, less allowable deductions. Sec. 1402(a) and (b). For the *197 year in issue, the self-employment tax and the maximum amount of employment income subject to this tax were 15.30 percent and $ 44,527, respectively. Secs. 1401(a) and (b), and 1402(b), (k). We hold that petitioners' self-employment income is subject to the self-employment tax up to the maximum income of $ 44,527. [5] Petitioners have not proven otherwise. Issue 3. Meals and Entertainment Expenses
Petitioners reported $ 913 in meals and entertainment expenses on their 1990 Schedule C. Respondent did not disallow any of these expenses. After respondent issued the subject notice of deficiency, she determined that petitioners could deduct meals and entertainment expenses at $ 26 a day for 178 business days; i.e., a total of $ 4,628. [6] Petitioners agree with respondent that they had 178 days of business during 1990. Petitioners claim, however, that they may deduct an $ 88 per diem expense for meals and entertainment. Petitioners *198 have not cited any authority for this $ 88 rate. We disagree with petitioners that they are entitled to deduct an $ 88 per diem expense for meals and entertainment. The Congress authorized respondent to prescribe regulations regarding the substantiation requirements for traveling expenses. Sec. 274(d). In accordance with this authority, respondent prescribed section 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), and published Rev. Proc. 90-15, 1990-1 C.B. 476. Rev. Proc. 90-15, supra, provides that self-employed individuals may deduct the amount computed at the Federal Meals and Incidental Expenses (M&IE) rate for the locality of travel, as an alternative to deducting the actual cost of meals incurred while traveling. The per diem allowance is subject to the 80-percent *199 limitation of section 274(n). Given that the applicable Federal M&IE rate for the State of Arizona for 1990 is $ 26 per day, 41 C.F.R. sec. 301-7.2 (1990), we hold that petitioners' deduction for meals and entertainment is limited to $ 3,702; i.e., $ 4,628 less $ 926 (80% X $ 4,628). Issue 4. Penalty for Negligence Under Sec. 6662(a)
Respondent originally determined (and included in her notice of deficiency) that petitioners' underpayment of tax with respect to two of her determinations was due to negligence, and, accordingly, that they were liable for the penalty under section 6662(a). [7]Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence. To disprove respondent's determination, petitioners must prove that they were not negligent, i.e., that they made a reasonable attempt to comply with the provisions of the Code, and that they were not careless, reckless, or in intentional disregard of rules or regulations. Sec. 6662(c). Negligence has also been defined as a lack of due care or a failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), *200 affg. 92 T.C. 1 (1989). Based on our careful review of the instant record, we conclude that petitioners have not made a reasonable attempt to comply with the provisions of the Code. We hold petitioners liable for this penalty to the extent of the underpayment that is attributable to the unreported self-employment income as described above. [8]
We have considered all arguments made by the parties and, to the extent not discussed above, find them to be without merit. To reflect the foregoing, Decision will *201 be entered under Rule 155. [9]
Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar.↩
2. Petitioners concede a $ 1,702 rental expense and a $ 2,250 expense for pension and profit-sharing plans. Respondent concedes that petitioners may deduct $ 1,160 on line 26 of their 1990 Form 1040, U.S. Individual Income Tax Return; $ 3,479 as a medical expense on Schedule A, Itemized Deductions; and an additional itemized deduction of $ 32. Respondent concedes in her brief that petitioners are entitled to deduct $ 308 in repair expenses.↩
3. For a discussion of the bank deposits and cash expenditures method, see generally United States v. Abodeely, 801 F.2d 1020, 1023-1024↩ (8th Cir. 1986).
4. Even if we were to assume that petitioners had such a hoard, petitioners would still have had to convince us that they withdrew the unreported funds from it during the year in issue. This, they have not done.↩
5. The Rule 155 computation should reflect a deduction as provided by sec. 164(f).↩
6. Respondent also determined that petitioners could deduct all of their substantiated lodging expenses.↩
7. The two adjustments that respondent determined were subject to the negligence penalty are the $ 49,444 understatement of self-employment income and her disallowance of the $ 1,702 rental expense.↩
8. Respondent conceded (at trial and in her brief) the portion of the penalty that relates to the $ 1,702 rental expense.↩
9. The Rule 155 computation should also reflect the 7-1/2 percent computational adjustment for petitioners' medical expenses deducted on Schedule A.↩